## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT,<br><br>                         Plaintiff,<br><br>   -against-<br><br>HUDSON EXCESS INSURANCE COMPANY and STEADFAST INSURANCE COMPANY,<br><br>                    Defendants. | Case No.<br><br>**<u>COMPLAINT</u>** |

Plaintiff, The Travelers Indemnity Company of Connecticut ("Travelers"), by and through its undersigned counsel, as and for its Complaint against Defendants, Hudson Excess Insurance Company ("Hudson") and Steadfast Insurance Company ("Steadfast"), alleges upon information and belief as follows:

### <u>NATURE OF THE ACTION</u>

1.      In this action, Travelers seeks a declaration that Hudson and Steadfast are obligated to defend and indemnify Notias Construction, Inc. ("Notias") in a lawsuit styled *Anabel Rebollar v. Hope East of Fifth Housing Development Fund Company, Inc.*, *et al.*, in the Supreme Court of the State of New York, County of New York, Index Number 151176/2021 (the "Underlying Action"), as an additional insured under the policies of insurance issued by Hudson and Steadfast, on a primary, non-contributory basis.

2.      In addition, Travelers seeks judgment for all defense and indemnity costs it has incurred and continues to incur in connection with the Underlying Action.

### <u>THE PARTIES</u>

3.      At all times relevant hereto, Travelers was and is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford,

Connecticut.

4.      Upon information and belief, at all times relevant hereto, Hudson is a Delaware corporation with a principal place of business in New York, New York.

5.      Upon information and belief, at all times relevant hereto, Steadfast is a Delaware corporation with a principal place of business in Schaumburg, Illinois.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

7.      In the Underlying Action, Anabel Rebollar ("Claimant") seeks recovery for alleged personal injuries including but not limited to head contusion, scalp laceration, closed head trauma, traumatic brain injury, cervical derangement, cervical muscle spasms, right carpal tunnel syndrome, disc herniations at L2-3, L3-4, and L5-S1, lumbar derangement, lumbar muscle spasms, and urinary incontinence. Therefore, the purported value of the Underlying Actions exceeds $75,000.

8.      Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to this claim occurred in this judicial district.

9.      An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policies issued by Hudson and Steadfast.

10.     Travelers has no adequate remedy at law.

## THE RELEVANT POLICIES

11.     Hudson issued a commercial general liability insurance policy to Jind Contractors Inc. ("Jind") for the policy period June 6, 2020 to June 6, 2021 (the "Hudson Policy").

12.     Subject to certain terms, conditions, and exclusions, the Hudson Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

13.     The Hudson Policy contains endorsement CG 20 37 04 13 entitled "ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – COMPLETED OPERATIONS" which provides, in part:

> This endorsement modifies insurance provided under the following:

> COMMERCIAL GENERAL LIABILITY COVERAGE PART
> PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

**SCHEDULE**

| Name Of Additional Insured Person(s) Or Organization(s) | Location And Description Of Completed Operations |
|---|---|
| As required by written contract. | As required by written contract. |
| | |
| | |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

A.  **Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury" or "property damage" caused, in whole or in part, by "your work" at the location designated in the Schedule of this endorsement performed for that additional insured and included in the "products-completed operations hazard".

3

14.    The Hudson Policy contains endorsement HXMG 138 04 15 entitled "PRIMARY AND NON-CONTRIBUTING INSURANCE WHERE REQUIRED BY WRITTEN CONTRACT(S) ENDORSEMENT" which provides, in part:

> Where you are specifically required by a written contract to provide insurance that is primary and non-contributory and the written contract so requiring is executed by you before any "occurrence" or offense, this insurance will be primary and the other insurance will not contribute with this insurance, but only if and to the extent required by that written contract.

15.    Steadfast issued a commercial general liability insurance policy to Kiska Solutions, Inc. ("Kiska") for the policy period September 4, 2020 to September 4, 2021 (the "Steadfast Policy").

16.    Subject to certain terms, conditions, and exclusions, the Steadfast Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

17.    The Steadfast Policy contains endorsement U-GL-1175-F CW (04/13) entitled "Additional Insured – Automatic – Owners, Lessees Or Contractors" which provides, in part:

> This endorsement modifies insurance provided under the:
> **Commercial General Liability Coverage Part**
>
> **A.** Section **II – Who Is An Insured** is amended to include as an additional insured any person or organization whom you are required to add as an additional insured on this policy under a written contract or written agreement. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
> **1.** Your acts or omissions; or
>
> **2.** The acts or omissions of those acting on your behalf,
>
> in the performance of your ongoing operations or "your work" as included in the "products-completed operations hazard", which is the subject of the written contract or written agreement.

4

[…]

**D.** For the purposes of the coverage provided by this endorsement:

    **1.** The following is added to the Other Insurance Condition of Section **IV – Commercial General Liability Conditions:**

    **Primary and Noncontributory insurance**

    This insurance is primary to and will not seek contribution from any other insurance available to an additional insured provided that:

    **a.** The additional insured is a Named Insured under such other insurance; and

    **b.** You are required by written contract or written agreement that this insurance be primary and not seek contribution from any other insurance available to the additional insured.

18.    Travelers issued a commercial general liability policy to Notias for the policy period July 31, 2020 to July 31, 2021 (the "Travelers Policy").

19.    Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

20.    The Travelers Policy contains excess "other insurance" provisions that provide that coverage under the Travelers Policy is excess over any other insurance, "whether primary, excess, contingent or on any other basis, that is available to the insured when the insured is an additional insured, or is any other insured that does not qualify as a named insured, under such other insurance."

## BACKGROUND FACTS

21.    Notias, as Contractor, and Jind, as Subcontractor, entered into a Subcontract Agreement dated October 9, 2017 (the "Jind Subcontract") in connection with the modernization

and renovation of the Hope East of Fifth Apartments, including but not limited to the premises located at 334 E. 112th St., New York, NY.

22.     The terms of the Jind Subcontract require Jind to purchase and maintain commercial general liability insurance naming Notias as an additional insured on a primary and non-contributory basis.

23.     The terms of the Jind Subcontract require Jind to maintain commercial general liability coverage "for itself and all Additional Insureds for the duration of the project and maintain Completed Operations coverage for itself and each additional insured for at least three (3) years after completion of the Work."

24.     Pursuant to the Jind Subcontract, Jind issued an invoice dated March 7, 2018 to Notias for the following:

<u>Invoice 334E 112st</u>

1.  Building Main entrance gate not in working condition
2.  Door frame loose , new concrete poured to hold frame in place
3.  Hinges were replaced as they were broken not allowing the door to open and close with ease
4.  Primer and paint

25.     Notias, as Contractor, and Kiska, as Subcontractor, entered into a Subcontract Agreement dated September 1, 2017 (the "Kiska Subcontract") in connection with the modernization and renovation of the Hope East of Fifth Apartments, including but not limited to the premises located at 334 E. 112th St., New York, NY.

26.     The terms of the Kiska Subcontract require Kiska to purchase and maintain commercial general liability insurance naming Notias as an additional insured on a primary and non-contributory basis.

27.     The terms of the Kiska Subcontract require Kiska to maintain commercial general liability coverage "for itself and all Additional Insureds for the duration of the project and maintain Completed Operations coverage for itself and each additional insured for at least three (3) years after completion of the Work."

28.     Pursuant to the Kiska Subcontract, Kiska issued an application and certificate for payment dated February 28, 2019 to Notias which indicated Kiska's installation of a keyfob system at the Hope East of Fifth Apartments was 100% complete.

29.     In the Underlying Action, Claimant alleges that on October 3, 2020, Claimant was caused to be injured by the entry system on the metal fence and/or gateway at the premises located at 334 E. 112th St., New York, NY.

30.     Upon information and belief, Jind performed work on the metal fence and/or gateway at the premises located at 334 E. 112th St., New York, NY on or before March 7, 2018.

31.     Upon information and belief, Kiska installed the entry system on the metal fence and/or gateway at the premises located at 334 E. 112th St., New York, NY on or before February 28, 2019.

32.     In the Underlying Action, Claimant asserts causes of action against Notias, Jind, Kiska, and others seeking to recover for injuries based on theories of negligence.

33.     In the Underlying Action, Claimant seeks to impose liability on Notias for alleged bodily injuries which arose out of Jind's work and/or Kiska's work.

**TENDERS**

34.     By correspondence dated March 25, 2022, Travelers tendered the defense and indemnity of Notias to Jind.

7

35.     By correspondence dated April 18, 2022, Travelers retendered the defense and indemnity of Notias to Jind.

36.     By correspondence dated May, 2022, Travelers retendered the defense and indemnity of Notias to Jind and Hudson.

37.     By correspondence dated June 23, 2022, Travelers renewed its tender to Hudson.

38.     By correspondence dated August 2, 2022, Travelers renewed its tender to Hudson.

39.     By correspondence dated September 7, 2022, Travelers renewed its tender to Hudson.

40.     By correspondence dated May 2, 2023, Travelers renewed its tender to Hudson.

41.     By correspondence dated July 11, 2023, Travelers renewed its tender to Hudson.

42.     By correspondence dated February 6, 2024, Travelers retendered the defense and indemnity of Notias to Hudson.

43.     Hudson has not responded to Travelers' tender correspondence.

44.     Hudson has refused to provide additional insured coverage to Notias under the Hudson Policy in connection with the Underlying Action.

45.     Hudson has refused to provide a defense to Notias under the Hudson Policy in connection with the Underlying Action.

46.     By correspondence dated November 14, 2023, Travelers tendered the defense and indemnity of Notias to Kiska.

47.     By correspondence dated February 6, 2024, Travelers retendered the defense and indemnity of Notias to Steadfast.

48.     Steadfast has not responded to Travelers' tender correspondence.

49.     Steadfast has refused to provide additional insured coverage to Notias under the Steadfast Policy in connection with the Underlying Action.

50.     Steadfast has refused to provide a defense to Notias under the Steadfast Policy in connection with the Underlying Action.

## **CAUSE OF ACTION FOR DECLARATORY RELIEF**

51.     Travelers repeats, realleges, and incorporates each and every allegation contained in paragraphs "1" through "50" above as if fully set forth herein.

52.     Notias qualifies as an additional insured under the Hudson Policy.

53.     Notias qualifies as an additional insured under the Steadfast Policy.

54.     Notias is entitled to a defense in the Underlying Action under the Hudson Policy.

55.     Notias is entitled to a defense in the Underlying Action under the Steadfast Policy.

56.     Notias is entitled to indemnification under the Hudson Policy for any verdict or judgment rendered against it in the Underlying Action.

57.     Notias is entitled to indemnification under the Steadfast Policy for any verdict or judgment rendered against it in the Underlying Action.

58.     The coverages provided to Notias under the Hudson Policy are primary and non-contributory with any coverage provided by the Travelers Policy.

59.     The coverages provided to Notias under the Steadfast Policy are primary and non-contributory with any coverage provided by the Travelers Policy.

60.     Hudson and Steadfast have refused to fulfill their coverage obligations to Notias with respect to the Underlying Action.

61.     Accordingly, Travelers seeks a declaration that Hudson and Steadfast have an obligation to defend and indemnify Notias with respect to the Underlying Action as an additional insured under the Hudson Policy and Steadfast Policy; that the coverages provided by the Hudson Policy and Steadfast Policy to Notias are primary; and that the obligations of Travelers to Notias are excess to proper exhaustion and full payment of the limits of the Hudson Policy and Steadfast Policy.

62.     In addition, Travelers seeks an award at law and in equity against Hudson and Steadfast for recovery of all sums Travelers has paid and continues to pay in the defense of Notias in the Underlying Action because the coverages provided by the Hudson Policy and Steadfast Policy are primary to any coverage provided by Travelers.

WHEREFORE, Plaintiff Travelers respectfully requests that this Court issue judgment as follows:

1.     Declaring that Notias is an insured under the Hudson Policy to whom Hudson owes coverage with respect to the Underlying Action;

2.     Declaring that Notias is an insured under the Steadfast Policy to whom Steadfast owes coverage with respect to the Underlying Action;

3.     Declaring that Hudson has a duty to defend Notias in the Underlying Action up to and including the respective policy limits of the Hudson Policy;

4.     Declaring that Steadfast has a duty to defend Notias in the Underlying Action up to and including the respective policy limits of the Steadfast Policy;

5.     Declaring that Hudson has a duty to indemnify Notias in connection with the Underlying Action;

6.      Declaring that Steadfast has a duty to indemnify Notias in connection with the Underlying Action;

7.      Declaring that the obligations of Hudson to Notias with respect to the Underlying Action are primary to any obligations of Travelers to Notias;

8.      Declaring that the obligations of Steadfast to Notias with respect to the Underlying Action are primary to any obligations of Travelers to Notias;

9.      Declaring that the obligations of Travelers to Notias in connection with the Underlying Action are excess and non-contributory to those of Hudson;

10.     Declaring that the obligations of Travelers to Notias in connection with the Underlying Action are excess and non-contributory to those of Steadfast;

11.     Awarding judgment against Hudson in an amount equal to the sums that Travelers incurred and continues to incur in defending the claims against Notias in the Underlying Action;

12.     Awarding judgment against Steadfast in an amount equal to the sums that Travelers incurred and continues to incur in defending the claims against Notias in the Underlying Action;

13.     Awarding judgment against Hudson in an amount equal to any sums that Travelers may incur to indemnify Notias in the Underlying Action;

14.     Awarding judgment against Steadfast in an amount equal to any sums that Travelers may incur to indemnify Notias in the Underlying Action;

15.     Granting an award in favor of Travelers for the costs of suit incurred herein; and

16.     Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
February 28, 2024

USERY & ASSOCIATES

 /s/Lisa Szczepanski

By:   Lisa Szczepanski
*Attorneys for the Travelers Indemnity Company of Connecticut*
T. (917) 778-6680
F. (844) 571-3789
E. lszczepa@travelers.com

Mailing Address:[1]
P.O. Box 2996
Hartford, CT 06104

---

[1] Physical Address: 485 Lexington Ave., 6th Fl., New York, NY 10017