**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT,<br><br>       Plaintiff,<br><br>-against-<br><br>HUDSON EXCESS INSURANCE COMPANY and STEADFAST INSURANCE COMPANY,<br><br>       Defendants. | Case No. 1:24-cv-01523-DEH-BCM<br><br>[~~PROPOSED~~]<br>**STIPULATION AND PROTECTIVE ORDER**<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: __12/23/25__ |

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply solely and be confined to the exchange and use of Defense Billing, as defined in Paragraph 1 herein, by the parties in connection with this action:

1. "Defense Billing" means the legal billing statements and expense invoices, incurred in defense of Notias Construction, Inc. in the underlying action, *Anabel Rebollar v. Hope East of Fifth Housing Development Fund Company, Inc., et al.*, in the Supreme Court of the State of New York, New York County, Index No. 15176/2021 (the "Underlying Action"), for which The Travelers Indemnity Company of Connecticut seeks reimbursement from Hudson Excess Insurance Company.

2. Counsel for any party may designate as confidential only that portion of the Defense Billing that counsel reasonably and in good faith believes consists of:

    a. Material subject to attorney-client privilege and/or work product protection in connection with the Underlying Action;
    b. Information relating to rates, fees, and/or retainers charged by defense counsel, consultants, vendors, and/or experts in connection with the Underlying Action; or
    c. Any other category of information this Court subsequently affords confidential status.

    That portion of the Defense Billing designated by a party as confidential (hereinafter referred to as the "Confidential Information") shall be so designated by (a) stamping or otherwise clearly marking as "CONFIDENTIAL" the protected portion of the Defense

1

Billing in a manner that will not interfere with legibility; and (b) producing for future public use another copy of said Defense Billing with the confidential portion redacted.

3. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with this action.

4. In the event a party challenges another party's designation of Confidential Information, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

5. All information and documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The receiving party and counsel, including in-house counsel, except for employees and representatives of Hudson Excess Insurance Company assigned to the defense of any party adverse to Notias Construction, Inc. in the Underlying Action;
   b. Employees of such counsel assigned to and necessary to assist in the litigation;
   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel and subject to Paragraph 6 *et seq.* herein; and
   d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6. Prior to disclosing or displaying the Confidential Information to any consultants or experts pursuant to Paragraph 4(c), counsel must:

   a. Inform the person of the confidential nature of the information or documents;
   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
   c. Require each such person to sign an agreement to be bound by this Protective Order in the form attached hereto as **Exhibit A**.

7. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document

2

or information shall thenceforth be treated as Confidential Information subject to all the terms of this Protective Order.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. All Confidential Information filed with the Court must be redacted and preceded by an appropriate application to file the Confidential Information under seal. The parties shall follow the Court's procedures with respect to filing under seal.

11. At the conclusion of this litigation, any copies of Confidential Information disclosed pursuant to Paragraph 6 *et seq.* shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed. Receiving parties and their counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

3

SO STIPULATED AND AGREED.

USERY & ASSOCIATES                          MELITO & ADOLFSEN P.C.

/s/ Lisa Szczepanski                        /s/ [signature]
Lisa Szczepanski                            Steven I. Lewbel
*Attorneys for The Travelers Indemnity*     *Attorneys for Hudson Excess Insurance*
*Company of Connecticut*                    *Company*
Mailing Address:                            233 Broadway, Ste. 2070
P.O. Box 2996                               New York, NY 10279
Hartford, CT 06104                          T. (212) 238-8900
T. (917) 778-6680                           F. (212) 238-8999
F. (844) 571-3789                           E. sil@melitoadolfsen.com
E. lszczepa@travelers.com


SO ORDERED
on this __23__ day of __December__, 2025.

_____
HON. BARBARA MOSES, U.S.M.J.

4

**Exhibit A**

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT,<br><br>               Plaintiff,<br><br>   -against-<br><br>HUDSON EXCESS INSURANCE COMPANY and STEADFAST INSURANCE COMPANY,<br><br>             Defendants. | Case No. 1:24-cv-01523-DEH-BCM<br><br>**AGREEMENT** |

I, _____, have been informed by counsel that certain documents or information to be disclosed to me in connection with the in above-captioned matter have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are governed by the Stipulation and Protective Order in this matter, a copy of which has been provided to me.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

(Attorney)

5